

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JANE DOE 1,

Plaintiff,

v.

TAL ALEXANDER,

Defendant.

Civil Action No. 25-CV-2108 (RA)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO PROCEED ANONYMOUSLY PURSUANT TO FRCP RULE 10(a)**

**GRUENBERG KELLY DELLA**
Michael DellaUniversita, Esq.
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110
*Counsel for Plaintiff*

**TABLE OF CONTENTS**


PRELIMINARY STATEMENT ........ 4

FACTUAL BACKGROUND ........ 5

ARGUMENT ........ 6

II. PLAINTIFF'S REQUEST TO PROCEED ANONYMOUSLY SHOULD BE GRANTED ........ 8

A. Factor 1: The Highly Sensitive Nature of the Allegations Warrants Anonymity ........ 9

B. Factor 2: Risk of Retaliatory Harm or Harassment Supports Anonymity ........ 10

C. Factors 3 and 4: Plaintiff Faces Significant Psychological Harm and is Particularly Vulnerable to the Consequences of Public Disclosure, Both Factors of which Support Anonymity ........ 12

D. Factor 6: The Defendant Would Not Be Prejudiced by Allowing the Plaintiff to Pursue Her Claims Anonymously ..... 13

E. Factor 7: Plaintiff Has Not Publicly Disclosed Her Identity and Has Taken Affirmative Steps to Preserve Her Anonymity ........ 14

F. Factor 8: Anonymity Will Not Undermine the Public's Interest in the Proceedings ........ 15

G. Factor 9: Allowing Plaintiff to Proceed Anonymously Furthers the Public Interest ........ 16

H. Factor 10: No Adequate Alternative to Anonymity Exists to Protect Plaintiff's Safety and Privacy ........ 17

CONCLUSION ........ 18

## TABLE OF AUTHORITIES

Cases


Anonymous v. Anonymous, No. 24-CV-3495 (JHR) (RFT), 2024 U.S. Dist. LEXIS 88282, (S.D.N.Y. May 13, 2024) .................................................. 4, 10, 13, 17

Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869, 872 (7th Cir. 1997) .......................................................................................................... 4, 8

Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1997)....... 4, 7

Doe v. Colgate Univ., No. 5:15-CV-1069, 2016 U.S. Dist. LEXIS 48787 (N.D.N.Y. Apr. 12, 2016 ......................................................................................... 15

Doe v. Combs, 2024 U.S. Dist. LEXIS 213256, ................................ 4, 11, 14, 15, 18

Doe v. Evans, 202 F.R.D. 173 (E.D. Pa. 2001) ...................................................... 4, 8

Doe v. New York Univ., 537 F. Supp. 3d 483 (S.D.N.Y. 2021)................ 4, 8, 10, 12

Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981)............................................. 4, 8, 16, 17

Doe v. United Serv. Life Ins. Co., 123 F.R.D. 437 (S.D.N.Y. 1988)..................... 4, 8

Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000)...... 4, 7

E.W. v. N.Y. Blood Ctr., 213 F.R.D. 108 (E.D.N.Y. 2003)....................... 4, 8, 11, 16

Roe v. Borup, 500 F. Supp. 127 (E.D. Wis. 1980) ................................................ 4, 8

Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008) 4, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18


Rules


Federal Rule of Civil Procedure ("FRCP") Rule 10(a) ......................................... 4, 7

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO PROCEED ANONYMOUSLY PURSUANT TO FRCP RULE 10(a)**

Plaintiff Jane Doe 1 ("Plaintiff"), by and through her undersigned counsel, Gruenberg Kelly Della, respectfully submits this Memorandum of Law in support of her Motion to Proceed Anonymously pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 10(a) (the "Motion") in the action she has brought against Tal Alexander ("Tal" or "the Defendant). A proposed order is attached to the Declaration of Michael DellaUniversita ("Della Decl.") as Exhibit A.

## PRELIMINARY STATEMENT

Plaintiff is a survivor of rape who seeks to proceed under a pseudonym in this litigation to safeguard her mental health, physical safety, and overall well-being. In support of this request, a notarized Affidavit from Plaintiff is attached hereto as Exhibit B.[1] Defendant, who is a public figure and who is facing multiple allegations of sexual abuse in both civil and criminal proceedings, will suffer no prejudice by Plaintiff proceeding under a pseudonym. While Plaintiff has not yet disclosed her identity to Defendant, she is willing to do so upon execution of a narrowly tailored confidentiality agreement—requiring that Defendant and his counsel keep her identity strictly confidential. To date, Defendant has not signed such an agreement. Plaintiff's efforts to protect her identity, including her willingness to disclose it under specific safeguards, underscore the legitimacy of her request for anonymity and the genuine fear and risk she faces if forced to proceed publicly. Pursuant to the factors in Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008), Plaintiff requests that she be permitted to proceed anonymously pursuant to FRCP 10(a).

[1] Plaintiff's notarized Affidavit, originally submitted in support of her request to proceed under a pseudonym in the New York State Supreme court, is attached hereto as Exhibit B, with Exhibits omitted.

## FACTUAL BACKGROUND

As set forth in Plaintiff's Complaint, attached hereto as Exhibit C, Plaintiff awoke in Defendant's New York City apartment, in his bed, with no recollection of how she arrived there. This disorienting and terrifying moment was not an anomaly—it was the result of Defendant's calculated and predatory pattern of behavior, one he has repeatedly used to exploit and assault young women.

Plaintiff initially met Defendant at a high-profile birthday celebration for Mark Birnbaum at Catch New York, a well-known venue in the Meatpacking District. The setting—a bustling public space filled with prominent guests—was carefully chosen to create a false sense of security. Within this curated environment of visibility, privilege, and trust, Defendant approached Plaintiff and initiated contact, ultimately exchanging contact information.

Over the next several weeks, Defendant cultivated a rapport through strategic and seemingly innocuous communication. Eventually, Plaintiff agreed to meet him for what she understood to be a casual date. They met at Lure Fishbar and later visited the now-closed nightclub Provocateur. Plaintiff had planned to spend a short time at the club before meeting a female friend—an intentional safety precaution. But that plan was soon dismantled.

Plaintiff consumed no more than one or two drinks while at the club. Yet she quickly began to feel overwhelmingly intoxicated in a manner wholly inconsistent with her limited alcohol consumption. Upon information and belief, Defendant surreptitiously drugged Plaintiff's drink—consistent with his pattern of using intoxicants to facilitate sexual assault. Her next memory is waking up in Defendant's bed, partially undressed, in pain, and with physical indicators that she had been vaginally penetrated. Plaintiff did not—and could not—give consent to any sexual activity.

Disturbingly, Defendant's actions did not stop there. When Plaintiff attempted to leave, he refused to let her go. Ignoring her clear verbal refusals and repeated objections, Defendant used his physical dominance and control of the environment to rape her again. Only after subjecting Plaintiff to a second assault did he allow her to leave—sending her home in his private car, a calculated move that served to reinforce his control and create a veneer of normalcy.

Tragically, Plaintiff's experience appears not to be isolated. Rather, it reflects a systematic pattern of abuse by Defendant, who operated from a position of immense power and privilege. As a multimillionaire real estate mogul, Defendant used his influence, charm, and carefully crafted public image to lure, disarm, and silence his victims. Behind the curated persona lay a methodical campaign of predation and sexual violence. This lawsuit seeks to hold Defendant accountable—to pierce the facade and expose the truth. Plaintiff brings this case not only to obtain justice for herself, but also to illuminate the predatory conduct that Defendant has inflicted on others. Her courage in coming forward speaks volumes about the harm she endured and the urgent need for accountability.

## ARGUMENT

### I. APPLICABLE STANDARDS

While Federal Rule of Civil Procedure 10(a) requires that "[t]he title of [a] complaint must name all the parties," courts have consistently recognized that this requirement is not absolute. The rule is intended to promote transparency and public scrutiny of judicial proceedings. Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1997). However, in cases involving highly sensitive and personal matters—particularly those involving sexual violence—federal courts have routinely permitted plaintiffs to proceed anonymously to protect their privacy, safety, and psychological well-being. See, e.g., Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067–68 (9th Cir. 2000) (allowing pseudonyms where disclosure may lead to "harassment, injury,

ridicule or personal embarrassment") (citing United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981)); Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869, 872 (7th Cir. 1997); Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981); Doe v. Evans, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (recognizing public interest in protecting identities of sexual assault victims to encourage others to come forward); Doe v. New York Univ., 537 F. Supp. 3d 483, 496–97 (S.D.N.Y. 2021); Doe v. United Serv. Life Ins. Co., 123 F.R.D. 437 (S.D.N.Y. 1988); Doe v Combs, 2024 U.S. Dist. LEXIS 213256 (S.D.N.Y. 2024), attached hereto as Exhibit D; E.W. v. N.Y. Blood Ctr., 213 F.R.D. 108, 110 (E.D.N.Y. 2003); Roe v. Borup, 500 F. Supp. 127 (E.D. Wis. 1980).

Our courts have long held that a plaintiff may proceed under a pseudonym where their interest in anonymity outweighs the public's interest in disclosure and any potential prejudice to the defendant. Sealed Plaintiff, 537 at 189-90 (A district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a plaintiff to proceed under a pseudonym). In balancing these interests, courts consider several factors, including the following "non-exhaustive" list:

1. Whether the litigation involves matters that are highly sensitive and of a personal nature.
2. Whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties.
3. Whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.
4. Whether the plaintiff is particularly vulnerable to the possible harms of disclosure.
5. Whether the suit is challenging the actions of the government or that of private parties.
6. Whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any

particular stage of the litigation, and whether any prejudice can be mitigated by the district court.

7. Whether the plaintiff's identity has thus far been kept confidential.

8. Whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his/her identity.

9. Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.

10. Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Id. (internal quotation marks, citations, and alterations omitted).

A district court is not required to recite every factor or follow a rigid framework, so long as the record reflects that it thoughtfully balanced the relevant interests, a decision that is reviewed for abuse of discretion. See Sealed Plaintiff, 537 F.3d at 191 n. 4. Here, a proper balancing of the applicable factors weighs strongly in favor of granting Plaintiff's request to proceed under a pseudonym, and Plaintiff respectfully requests that the Motion be granted.

## II. PLAINTIFF'S REQUEST TO PROCEED ANONYMOUSLY SHOULD BE GRANTED.

The relevant factors overwhelmingly support Plaintiff's request to proceed under a pseudonym. Plaintiff was raped by Defendant after being surreptitiously drugged—an intoxicant rendered her incapacitated and unable to consent. After she awoke and attempted to leave, Defendant raped her again. Defendant is a powerful, high-profile real estate broker with substantial wealth, public visibility, and influence. Given the sensitive nature of the allegations and the stark power imbalance between the parties, maintaining Plaintiff's anonymity is both appropriate and necessary to protect her from further harm. Despite his significant public visibility, wealth, and influence, on December 11, 2024, the Defendant and his brothers, Alon and Oren Alexander. were arrested and are currently facing federal sex trafficking charges brought by the U.S. Attorney's Office for the Southern District of New York, which identified "dozens of victims" in connection

with the case. See Exhibit C. In light of the highly sensitive and deeply personal nature of the allegations, the substantial risk of re-traumatization, and the intense media scrutiny surrounding the case, the balance of interests weighs heavily in favor of granting Plaintiff's motion to proceed anonymously. Id.; see also Exhibit B. As the court recognized in Doe v. New York Univ., federal courts have discretion to allow pseudonymous litigation where disclosure of a plaintiff's identity would expose them to retaliatory harm, emotional distress, or reputational damage. 537 F. Supp. 3d at 496–97. Those concerns are acutely present here.

### A. Factor 1: The Highly Sensitive Nature of the Allegations Warrants Anonymity

Under the first Sealed Plaintiff factor, courts evaluate whether the case involves matters that are highly sensitive and personal in nature. Allegations of sexual assault fall squarely within this category. Sexual violence has long been recognized as "a paradigmatic example of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym." See Anonymous v. Anonymous, No. 24-CV-3495 (JHR) (RFT), 2024 U.S. Dist. LEXIS 88282, *8, (S.D.N.Y. May 13, 2024) (citation omitted), attached hereto as Exhibit E. While federal courts have historically granted pseudonym status in cases involving abortion, sexual orientation, and mental health,[2] this Court has been especially protective in sexual assault matters. See Doe v. Combs, 2024 U.S. Dist. LEXIS 213256, *3 ("The Court concludes that factor[] one… weigh in [plaintiff's] favor. Regarding the first factor, this case entails highly sensitive and personal matters involving allegations of sexual abuse."). These protections are even more crucial when the alleged abuse was

---

[2] See E.W. v. New York Blood Ctr., 213 F.R.D. 108, 111 ("A number of decisions have pointed to cases involving abortions and abortion rights as the paradigmatic example of the type of highly sensitive and personal matter that warrants a grant of anonymity. See, e.g., Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001) cert. denied, 534 U.S. 1129, 151 L. Ed. 2d 970, 122 S. Ct. 1067 (2002); Southern Methodist Univ. Ass'n v. Wynne & Jaffe, 599 F.2d 707, 712-13 (5th Cir.1979); Rankin v. New York Pub. Library, 1999 U.S. Dist. LEXIS 18565, 1999 WL 1084224, at *1 (S.D.N.Y. December 2, 1999); W.G.A. v. Priority Pharmacy, Inc., 184 F.R.D. 616, 617 (E.D.Mo.1999); Doe v. Rostker, 89 F.R.D. at 161; see also Doe v. Commonwealth's Atty for Richmond, 403 F. Supp. 1199 (E.D.Va. 1975)(homosexuality), aff'd, 425 U.S. 901, 47 L. Ed. 2d 751, 96 S. Ct. 1489 (1976).; Doe v. McConn, 489 F. Supp. 76 (S.D.Tex. 1980) (transsexuality)").

perpetrated by individuals with substantial public platforms, media access, and power—factors that are acutely present here. Id.

This litigation centers on profound traumatic allegations of sexual violence perpetrated by a powerful, well-known figure. Plaintiff alleges that she was vaginally raped after consuming a drink she believes was secretly laced with an intoxicant, leaving her unable to consent. The next thing she remembers is waking up in the Defendant's bed, disoriented and in pain—only to have him ignore her protests and forcibly rape her again. The Defendant— a wealthy and influential individual—has carefully cultivated a high-profile public persona, along with his brothers, and maintains considerable reach in media and business spheres. See Exhibit C. The deeply intimate and traumatic nature of these allegations—coupled with the significant media attention surrounding the case—makes the risk of psychological harm from public exposure both substantial and immediate. See Exhibit B. Indeed, the risk of further harm to Plaintiff is not speculative; it is substantial and well-supported by her sworn affidavit. Id.; see also E.W., 213 F.R.D. at 112–13 (noting that modern online access to court records intensifies the psychological toll and risk of re-traumatization and emotional injury, often "far greater than could be inflicted by mere bodily harm."). Most critically, Plaintiff has attested that if anonymity is denied, she may not be able to proceed with the lawsuit at all. See Exhibit B. Under these circumstances, the compelling interest in protecting the privacy and psychological safety of a sexual assault survivor far outweighs any abstract interest in disclosing her identity. This first factor, therefore, weighs decisively in favor of anonymity.

### B. Factor 2: Risk of Retaliatory Harm or Harassment Supports Anonymity

The second factor from Sealed Plaintiff requires courts to consider whether identification poses a risk of retaliatory physical or mental harm to the plaintiff or innocent non-parties. This consideration is particularly significant in cases involving sexual violence, high-profile defendants,

or matters of public controversy. As courts have recognized, "[t]he nature of the allegations makes it logical to conclude at this early stage that disclosure of Plaintiff's identity would cause further psychological harm to Plaintiff, which is the precise harm this litigation seeks, in part, to redress." Doe v. Combs, 2024 U.S. Dist. LEXIS 213256, at 4; see also E.W., 213 F.R.D. at 111 (finding anonymity warranted where disclosure would subject the plaintiff to "public disapproval, harassment, or bodily harm").

Here, Plaintiff has brought profoundly sensitive allegations of sexual assault against a widely recognized individual with a powerful reputation, substantial financial resources, and an expansive public presence. The Defendant is a prominent figure whose notoriety significantly amplifies the risk that revealing Plaintiff's identity would provoke intense media coverage, public scrutiny, and harassment. This risk is not speculative—it is grounded in the realities of litigating against wealthy, influential individuals in high-profile matters involving sexual violence and gender-based abuse and supported by the record. See Exhibits B, D. Importantly, Plaintiff has already taken deliberate and proactive steps to maintain her anonymity, including offering to disclose her identity to Defendant's counsel only if they sign a protective agreement ensuring confidentiality. Her request reflects genuine fear—not only of re-traumatization—but of retaliation, humiliation, and lasting damage to her mental health and personal life. Indeed, her sworn declaration explicitly affirms that public identification would cause her profound emotional distress, trauma, and revictimization. See Exhibit B. She further explains that disclosure could expose her to ridicule, professional and reputational harm, retaliation, and embarrassment from her family, employer, and community. Id. Most critically, Plaintiff attests that if her identity were made public, she might feel compelled to reconsider pursuing this litigation at all—underscoring the gravity of the threat posed by public exposure. Id.

This case, like Doe v. New York Univ., presents a substantial risk that public identification would expose the Plaintiff to retaliatory harm. 537 F. Supp. 3d at 496–97. There, the court found no justification for subjecting the plaintiff to "potential online retaliation," given the nature of the allegations and the plaintiff's particular vulnerabilities. Id. The same rationale applies here. Plaintiff has alleged brutal sexual violence by a powerful, high-profile individual—Defendant with significant financial resources, public platforms, and media access. See Exhibit C. Given this extreme imbalance of power and the intense public scrutiny surrounding the case, public identification poses not just a risk of emotional harm, but a real threat of harassment, intimidation, and further trauma. Accordingly, the equities—particularly under this second Sealed Plaintiff factor—strongly support anonymity.

### C. Factors 3 and 4: Plaintiff Faces Significant Psychological Harm and is Particularly Vulnerable to the Consequences of Public Disclosure, Both Factors of which Support Anonymity

The third and fourth Sealed Plaintiff factors focus on whether public disclosure would cause psychological or emotional harm beyond mere embarrassment, and whether the plaintiff is particularly vulnerable to such harm. Here, both factors strongly support Plaintiff's request to proceed anonymously. Plaintiff has alleged deeply personal and traumatic sexual assaults by a high-profile Defendant, and her Complaint and sworn affidavit detail the severe, ongoing psychological effects of those sexually violative assaults—effects that would be significantly exacerbated by public identification. See Exhibits B, D. Critically, Plaintiff does not seek anonymity to avoid reputational discomfort or social stigma. Her sworn declaration confirms that public exposure would cause her profound emotional distress and re-victimization—and could even prevent her from continuing with the litigation. See Exhibit B; see also Anonymous, 2024 U.S. Dist. LEXIS 88282, at *4, (recognizing that pseudonym protection is warranted when disclosure presents a risk of psychological harm beyond embarrassment).

This litigation also arises in the context of a significant power imbalance. The Defendant is a wealthy, high-profile public figure with deep ties to the media, real estate, and security industries. Plaintiff, by contrast, is a private individual whose personal and professional life could be permanently altered if she were forced to litigate under her legal name. See Exhibits B, D. Her vulnerability is not speculative—it is rooted in her lived experience and supported by the record. Id. While she is not in a mental health facility or undergoing court-mandated care, her sworn testimony confirms she is particularly susceptible to the psychological toll that public disclosure would trigger. Id. That is precisely the type of harm these factors are designed to prevent. Accordingly, both the third and fourth Sealed Plaintiff factors weigh heavily in favor of granting anonymity.

**D. Factor 6: The Defendant Would Not Be Prejudiced by Allowing the Plaintiff to Pursue Her Claims Anonymously**

The sixth Sealed Plaintiff factor balances whether allowing a plaintiff to proceed anonymously would cause unfair prejudice to the defendant. In this case, there is no such prejudice. Plaintiff filed her request for anonymity at the outset of the case, and Plaintiff has made clear from the beginning that she is fully prepared to disclose her identity to Defendant—so long as appropriate protective measures are in place. See Doe v. Combs, 2024 U.S. Dist. LEXIS 213256, at *4 ("There is no apparent prejudice to Defendants from Plaintiff proceeding anonymously at this early stage of the litigation."). Indeed, Plaintiff's willingness to identify herself through the proper legal channels underscores that this request is not an effort to conceal or delay—it is simply about safeguarding her identity from public exposure while preserving fairness for all parties.

While Defendant cannot credibly argue that he would be prejudiced by Plaintiff proceeding anonymously, should he raise such an argument, any potential prejudice would be significantly diminished by the fact that he is already facing federal criminal charges based on the substantially similar misconduct at issue in this case. To the extent Defendant suggests that public identification

is necessary to safeguard his rights, such a concern is misplaced in this civil context. Plaintiff has already agreed to disclose her identity to defense counsel under a narrowly tailored confidentiality agreement, thereby ensuring Defendant can prepare and mount a full and fair defense. The procedural safeguards available in this matter are more than sufficient to protect Defendant's interests, and public disclosure of Plaintiff's identity adds no meaningful legal value and imposes no barrier to his ability to investigate, respond, or litigate effectively. As Plaintiff has taken every reasonable step to ensure that Defendant can defend himself while protecting her from unnecessary public exposure. There is no risk of prejudice, and this factor weighs decisively in favor of granting anonymity.

**E. Factor 7: Plaintiff Has Not Publicly Disclosed Her Identity and Has Taken Affirmative Steps to Preserve Her Anonymity**

The seventh Sealed Plaintiff factor considers whether the plaintiff has made her identity public in connection with the events underlying the litigation. Courts have consistently found this factor weighs in favor of anonymity where the plaintiff has refrained from publicizing her identity and has taken proactive measures to protect her privacy. See Doe v. Colgate Univ., No. 5:15-CV-1069, 2016 U.S. Dist. LEXIS 48787, at *2 (N.D.N.Y. Apr. 12, 2016) (finding this factor supported anonymity where the plaintiff had "not publicized the lawsuit or sought media attention"), attached hereto as Exhibit F; see also Doe v. Combs, 2024 U.S. Dist. LEXIS 213256, at *5.

Here, Plaintiff has never spoken publicly about the horrific sexually violent assault she suffered through, or her involvement in this matter. Other than limited disclosures to a trusted individual for emotional support, Plaintiff has not identified herself as a victim or survivor, discussed the allegations on social media, or participated in any public statements or interviews. Plaintiff also has never made her identity public in connection with this lawsuit. Her consistent

efforts to maintain privacy reflect a clear intent to avoid publicity and protect her mental and emotional well-being.

Moreover, Plaintiff's counsel has taken affirmative and immediate steps to protect Plaintiff's identity. Upon filing Plaintiff's Complaint, Plaintiff's counsel promptly created and sent counsel for Defendant a protective order. Further, counsel has consistently referred to Plaintiff as "Jane Doe 1" in all public filings. Plaintiff 's affirmative steps to protect her identity and dignity in light of the sensitive nature of this litigation weigh in favor of anonymity and demonstrate the sincerity and legitimacy of her request for pseudonym status. Accordingly, the seventh factor weighs strongly in favor of anonymity.

### F. Factor 8: Anonymity Will Not Undermine the Public's Interest in the Proceedings

The eighth Sealed Plaintiff factor considers whether permitting a party to proceed anonymously will prejudice the public's interest in open judicial proceedings. Courts have consistently held that anonymity does not obstruct the public's ability to follow or understand the legal and factual issues at stake. As the Fifth Circuit observed in Doe v. Stegall, "party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them," and "the assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." 653 F.2d at 185. Similarly, in E.W., 213 F.R.D. at 113, the court found that the privacy rights of a plaintiff who brought suit after receiving a tainted blood transfusion outweighed any First Amendment interest in disclosure of her name. The court emphasized that "the facts of this case provide no occasion for imposing such an invasion of privacy as the price for litigating a legitimate private complaint." Id.

The same reasoning applies here. Plaintiff is pursuing serious and credible allegations of sexual assault against a private individual. The public's interest in ensuring accountability for sexual violence—particularly where the defendant is a high-profile figure—can be fully served

through the adversarial process, judicial scrutiny, and public access to the court's rulings. Plaintiff's identity is not necessary for the public to understand the claims, evaluate the evidence, or assess the fairness of the proceedings. Indeed, the harm to the public interest would be far greater if Plaintiff is forced to abandon her claims due to the threat of public exposure. In her sworn affidavit, Plaintiff stated that if anonymity is not granted, she may reconsider whether she can continue with this litigation at all. See Exhibit B. Denying anonymity in such circumstances would not promote transparency—it would chill the pursuit of justice and deter survivors from coming forward. Accordingly, this factor also weighs strongly in favor of allowing Plaintiff to proceed under a pseudonym.

### G. Factor 9: Allowing Plaintiff to Proceed Anonymously Furthers the Public Interest

The ninth Sealed Plaintiff factor weighs whether the plaintiff's request is driven by improper motives or whether there is a legitimate public interest in disclosure. Here, both considerations strongly support anonymity. Plaintiff seeks to proceed under a pseudonym not for strategic gain or to avoid accountability, but to protect her mental health, safety, and dignity in the face of deeply traumatic allegations. See Exhibits B, D. Her request is supported by a sworn affidavit detailing the emotional harm and re-traumatization she would suffer if forced to reveal her identity. See Exhibit B. Further, she, through counsel, has already demonstrated her willingness to disclose her identity to Defendant's under appropriate protective measures -- demonstrating transparency, cooperation, and a clear commitment to fairness. This is the hallmark of good faith.

Furthermore, the public has no meaningful interest in knowing Plaintiff's name. While the facts here are deeply personal and disturbing, the legal questions this case presents—relating to sexual assault, consent, civil accountability, and the rights of survivors—are legal in nature and do not turn on Plaintiff's identity. Requiring Plaintiff to reveal her name would do nothing to enhance public understanding or oversight of these proceedings. Anonymous, 2024 U.S. Dist. LEXIS 88282

at *10 ("The ninth factor teaches that if the issues presented by a case are "purely legal in nature," the "public interest in knowing the litigants' identities" is "atypically weak… Petitioner's case appears to hinge on questions of statutory construction regarding access to medical records — purely legal issues — and so the public's interest in the litigation would not be furthered by requiring disclosure of Petitioner's identity.") Courts have made clear that the administration of justice remains fully transparent even when a survivor proceeds anonymously. Doe v. Stegall, 653 F.2d at 185. Granting anonymity here not only protects this Plaintiff—it sends a powerful message that survivors can pursue justice without sacrificing their privacy or well-being. Accordingly, this ninth factor, like the others, weighs decisively in favor of allowing Plaintiff to proceed under a pseudonym.

**H. Factor 10: No Adequate Alternative to Anonymity Exists to Protect Plaintiff's Safety and Privacy**

The final Sealed Plaintiff factor considers whether there are any alternative mechanisms that could adequately protect a plaintiff's confidentiality short of allowing the plaintiff to proceed under a pseudonym. Courts generally weigh this factor in favor of anonymity when disclosure of the plaintiff's identity cannot be meaningfully limited through other procedural safeguards. See Doe v. Combs, 2024 U.S. Dist. LEXIS 213256, *4 ("Finally, with respect to the tenth factor, the Court is unaware of any alternative mechanisms to protect Plaintiff's identity.")

Here, no viable alternative exists that would sufficiently protect Plaintiff's identity while still enabling her to pursue her claims. As noted in her affidavit, public disclosure would not only expose her to irreparable psychological harm and re-traumatization but could also deter her from continuing with this litigation altogether. See Exhibit B. Measures such as sealing limited documents or restricting public access to certain filings would be insufficient to prevent the widespread dissemination of her identity in an age where public court records are readily searchable online. Once disclosed, the harm is irreversible.

Plaintiff has already taken affirmative steps to safeguard confidentiality without disrupting Defendant's ability to defend the case. Counsel has offered to disclose Plaintiff's identity to Defendant's counsel under the protection of a proposed confidentiality order pending any ruling on anonymity. These efforts reflect a measured, good faith attempt to balance the interests of due process with the need to avoid unnecessary public exposure. But without leave to proceed anonymously, those protective steps would be nullified. Thus, because there is no practical or effective alternative that would mitigate the risk of harm to Plaintiff while preserving her ability to litigate this case, this final factor weighs strongly in favor of anonymity.

## CONCLUSION

For the reasons stated herein, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion for Leave to Proceed Anonymously in its entirety.

Dated: March 28, 2025

**RESPECTFULLY SUBMITTED:**

**GRUENBERG KELLY DELLA**
Michael DellaUniversita, Esq.
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110

*Counsel for Plaintiff*