UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 1,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TAL ALEXANDER,<br><br>　　　　　Defendant. | Case No.: 25-CV-2108 (RA)<br><br>*Oral Argument Requested* |

# MEMORANDUM OF LAW OF DEFENDANT TAL ALEXANDER
# IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

WALDEN MACHT HARAN & WILLIAMS LLP
250 Vesey Street, 27th Floor
New York, NY 10281
Tel: (212) 335-2030

Milton L. Williams
Daniel A. Cohen
Deanna M. Paul
mwilliams@wmhwlaw.com
dcohen@wmhwlaw.com
dpaul@wmhwlaw.com

*Attorneys for Defendant Tal Alexander*

Defendant Tal Alexander, by his undersigned counsel, submits this memorandum of law in opposition to the motion to proceed anonymously filed by Plaintiff Jane Doe 1 ("Plaintiff").

## PRELIMINARY STATEMENT

Fairness and well-settled precedent of this Court require Plaintiff to disclose her identity.

Plaintiff alleges that, while of adult age, she was sexually assaulted over a decade ago. Plaintiff seeks anonymity chiefly on the following grounds: (1) Plaintiff is the victim of a sexual assault; (2) Plaintiff avers, without corroboration from any medical professional, that publicity would traumatize her; and (3) Plaintiff has kept her identity confidential.

As this Court recently held, such contentions are insufficient to sustain a motion to proceed anonymously. *Doe v. Combs*, 24-CV-8852 (JPC), 2025 WL 950685 (S.D.N.Y. Mar. 28, 2025). That holding is fully consistent with numerous recent orders and decisions by sister Courts, including: (1) *Doe v. Alexander*, 25-CV-01631 (JAV), 2025 WL 748913 (S.D.N.Y. Mar. 12, 2025); (2) *Doe v. Combs*, 24-CV-9852 (JLR), 2025 WL 934380 (S.D.N.Y. Mar. 27, 2025); (3) *Doe v. Combs*, 24-CV-7777 (LJL), 2025 WL 722790 (S.D.N.Y. Mar. 6, 2025); (4) *Doe v. Combs*, 24-CV-8810 (LAK), 2025 WL 268515 (S.D.N.Y. Jan. 22, 2025); (5) *Doe 1 v. Branca USA, Inc.*, 22-CV-3806 (LJL), 2022 WL 2713543 (S.D.N.Y. July 13, 2022); (6) *Doe v. Freydin*, 21-CV-8371 (NRB), 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021); and (7) *Doe v. Weinstein*, 484 F. Supp. 3d 90 (S.D.N.Y. 2020).

Plaintiff's counsel,[1] further, has courted the very public attention from which Plaintiff claims to need protection by: (1) publicly <u>advertising</u> its call for "information about the

---

[1] The non-New York law firm of Anapol Weiss is identified as counsel on the complaint originally filed in state court in this action.

Alexander Brothers";[2] (2) posting on Instagram;[3] (3) issuing press releases across national wires;[4] and filing two separate simultaneous lawsuits against Defendant and his two brothers, Alon and Oren Alexander, on February 25, 2025—both of which are "Jane Doe" lawsuits and accompanied by identical memoranda of law and identical plaintiff affirmations.[5]

Plaintiff thus seeks an unfair litigation advantage that prejudices Defendant. Defendant has been and will be subjected to scrutiny, scorn, and ridicule because of her accusations, while Plaintiff remains shielded from public examination that might test her credibility. Further, while Plaintiff's counsel, on its website, invites members of the public to come forward with information about Defendant and his brothers, Plaintiff seeks to deprive Defendant of the same ability to interview witnesses or to benefit from those who may come forward once her identity is publicly disclosed.

Defendant and the public have a right to a fair, transparent, and two-sided fact-finding process. Plaintiff has presented no extreme or special circumstances that permit one-sided secrecy—suppression of Plaintiff's identity—while her lawyers publicly advertise, and publicly campaign, to maximize negative publicity against Defendant. Accordingly, the Court should deny Plaintiff's motion to proceed anonymously.

## FACTUAL BACKGROUND

The Complaint alleges that "approximately ten years ago," after spending a night out at dinner and drinking at a nightclub with Defendant, Plaintiff awoke in Defendant's bed undressed

---

[2] https://www.anapolweiss.com/blog/high-profile-lawsuits-filed-against-alexander-brothers-for-alleged-sex-trafficking-and-assault/
[3] https://www.instagram.com/p/DGo2yaGiypt/?igsh=MWgyNHJwYmJ4dHI1Mg%3D%3D
[4] https://www.prweb.com/releases/high-profile-lawsuits-filed-against-alexander-brothers-for-alleged-sex-trafficking-and-assault-302389052.html
[5] *See* Appendix A hereto, which hyperlinks to the identical Memoranda of Law in Support of Plaintiff's Motion to Proceed Anonymously and plaintiff affirmations filed in the two Anapol Weiss cases.

and with "vaginal pain [that] left no doubt that Defendant had raped her while she was in a state of extreme intoxication." ECF Doc. 1, ¶ 16. The Complaint further alleges that Defendant "proceeded to rape her again" and then had "his driver take her home." *Id.* at ¶¶ 18-19.

These are disturbing allegations. But they are an insufficient basis to proceed under a pseudonym. On this motion, Plaintiff must establish that her privacy interests outweigh the public's interest in open proceedings and Defendant's due process rights.

In support of her application, Plaintiff avers in relevant part:

4. I was subjected to sexual and physical as more fully described in my Complaint.

6. Unquestionably, this litigation involves matters that are highly sensitive and of a personal nature.

7. I believe that identification of me would cause me great emotional stress, harm, trauma, revictimization, ridicule, retaliation, other emotional harm, and/or embarrassment. I would not want the public, my employers or family to know what happened to me.

8. Identification of me could also potentially cause me to reconsider litigation of this matter.

ECF No. 7-3. Plaintiff, however, offers no corroborating testimony from a medical professional. Thus, Plaintiff offers no facts that distinguish this case from those cited at the outset of this brief.

## ARGUMENT

Under Rule 10(a) of the Federal Rules of Civil Procedure, a "complaint must name all the parties." Fed. R. Civ. P. 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). A district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to allow a party to proceed under a pseudonym. *Id.* at 189 (citation omitted).

The Second Circuit sets forth a "non-exhaustive" list of ten factors that a district court

3

should consider when ruling on a motion to proceed anonymously. *Id.* at 189-90. Under *Sealed Plaintiff*, the factors are:

1. whether the litigation involves matters that are highly sensitive and of a personal nature;

2. whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

3. whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his or her age;

5. whether the suit is challenging the actions of the government or that of private parties;

6. whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

7. whether the plaintiff's identity has thus far been kept confidential;

8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

9. whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*See id.* at 190 (cleaned up).

"[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020). As noted at the outset, moreover, merely alleging a horrific sex crime does not satisfy this multi-factor test. As shown below, Plaintiff fails to rebut the presumption

4

against proceeding anonymously.

I. **The Sensitive Nature of Plaintiff's Allegations Does Not Outweigh Defendant's Due Process Rights and the Public Interest in Transparency**

Under the first *Sealed Plaintiff* factor, Plaintiff's allegations of sexual assault involve matters of a sensitive and personal nature, such that Plaintiff has a privacy interest in protecting herself from the public scrutiny that may result if her identity is revealed. That fact alone, however, is insufficient to outweigh due process and the public interest.

As Judge Liman explained in *Branca*, "a claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered physical or psychological damage as a result, accompanied by sufficient facts to support that claim, is not enough to entitle a plaintiff to proceed anonymously. Were it otherwise, virtually all claims of adult sexual assaults would *ipso facto* proceed anonymously." *Branca*, 2022 WL 2713543, at *2. *See also Weinstein*, 484 F. Supp. 3d at 94 ("courts in this district have explained that allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym") (internal quotation marks and citations omitted).

Accordingly, in this District, proceeding under an anonymous caption remains the exception, not the rule, for adult sexual assault claims. Plaintiff offers no basis to bring herself within the exception. *See also Combs*, 24-CV-8852, ECF Doc. 43, at 4 ("even the conjunction of factors one and seven is not dispositive") (internal quotation marks and citations omitted).

II. **Plaintiff Fails to Show Risk of Physical Retaliation or Mental Harm, or Likelihood and Severity of the Harm**

The second and third *Sealed Plaintiff* factors address the harm that would occur from the disclosure of Plaintiff's identity. *See Combs*, 2024 WL 863705, at *3. The relevant inquiry is "whether disclosure of the plaintiff's name in the course of the lawsuit would 'uniquely' cause harm and 'how grave the resultant harm would prove to be.'" *Branca,* 2022 WL 2713543, at *2

5

(citing *Rapp*, 537 F. Supp. 3d at 528-29).   A "plaintiff must establish with sufficient specificity the incremental injury that would result from disclosure of her identity." *Freydin*, 2021 WL 4991731, at *3 (citing *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-CV-2678 (RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019)).

Plaintiff fails to make the requisite showing.  *First*, Plaintiff does not provide any evidence that she will be, or has been, subjected to any sort of threats or intimidation, either by Defendant or third parties, if her identity were to become known.  *Doe*, 2025 WL 722790, at *2 (S.D.N.Y. Mar. 6, 2025) ("Plaintiff has not shown that Combs poses any threat to Plaintiff now or in the future or that the disclosure of Plaintiff's identity will create any harms to any third party."); *Combs*, 24-CV-8852, ECF Doc. 43, at 7 (noting absence of any allegation that the plaintiff has, in fact, been subjected to any threats).

*Second*, despite averring that disclosure may cause her psychic harm, Plaintiff offers no "specific evidence [from a medical expert] predicting that revelation of [Plaintiff's] identity w[ould] likely cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life." *Branca*, 2022 WL 2713543, at *4 (citing *Doe v. Smith*, 105 F. Supp. 2d 40, 43-44 (E.D.N.Y. 1999)).  Plaintiff "has not introduced particularized medical or other evidence that revelation of Plaintiff's identity would cause 'exceptional' emotional harm of the type that justifies anonymity." *Combs*, 2025 WL 722790, at *3 (citation omitted).  Indeed, Plaintiff submits a boilerplate affirmation that is a literal carbon copy of the affirmation submitted by the Jane Doe plaintiff in Anapol Weiss' second lawsuit against Defendant.  *See Jane Doe 1 v. Tal Alexander et al.*, No. 25-CV-2113, ECF No. 11-3 (S.D.N.Y. Mar. 28, 2025).

Instead, where "a plaintiff claims that disclosure will harm that person's mental health

6

courts in this Circuit look for <u>corroboration from medical professionals</u> that detail the risk to plaintiff." *Id.* (emphasis added). That corroborating evidence "must detail how revealing plaintiff's name in particular, as opposed to the trauma that could occur through reliving the experience through litigation, would cause harm." *Id.* Without such corroborating evidence, this Court cannot "'speculate' about the nature and severity of any mental injury from disclosure." *Doe v. Weinstein*, 484 F. Supp. 3d 90, 95 (S.D.N.Y. 2020) (quoting *Doe v. Solera Cap. LLC*, No. 18-CV-1769, 2019 WL 1437520, at *4 (S.D.N.Y. Mar. 31, 2019)). A "conclusory assertion of the possibility of generalized harm—applicable to all victims of sexual assault—is insufficient to carry Plaintiff's burden." *Combs*, 2025 WL 268515, at *3.

For the same reasons—failure to demonstrate any risk of retaliation, and failure to provide corroborating medical evidence—Judge Vargas recently denied the plaintiff's request for anonymity in the *Alexander* matter pending before her. *See* 2025 WL 784913, at *2. Plaintiff offers no basis for a different result here.

### III. The Remaining Factors Also Favor Disclosure

Plaintiff is an adult and apparently was an adult at the time of the alleged assault. The fourth factor favors Defendant. *Alexander*, 2025 WL 748913, at *3; *Branca*, 2022 WL 2713543, at *4.

The fifth factor concerns whether Plaintiff's suit challenges the actions of the government or that of private parties. "When a lawsuit challenges governmental actions, actors, or policies, the plaintiff has a strong interest in proceeding anonymously." *Solera*, 2019 WL 1437520, at *6. Because Plaintiff challenges purely private actors, this factor thus also favors Defendant. *Alexander*, 2025 WL 748913, at *3*; *Combs*, 2025 WL 722790, at *3.

The remaining factors essentially ask whether the defendant is prejudiced by allowing the

7

plaintiff to press her claims anonymously, and whether the public has an interest in disclosure.[6]

These factors also favor Defendant. As Judge Kaplan explained:

> If Plaintiff's name is kept from the public, <u>information about only one side may thus come to light</u>. In particular, "<u>persons with information about [Plaintiff] or [her] allegations that would be helpful to the defense but were unknown to the defendant might not come forward</u>." *Branca USA*, 2022 WL 2713543, at *2. "This asymmetry between the parties not only would prejudice [Defendants], but would hinder 'the judicial interest in accurate fact-finding and fair adjudication.'" *Combs*, 2024 WL 4635309, at *5 (quoting *Rapp*, 537 F. Supp. 3d at 531).… Moreover, "courts have found that defending against such allegations publicly, while a plaintiff is permitted to make her accusations from behind a cloak of anonymity, is prejudicial." *Branca USA*, 2022 WL 2713543, at *4 (internal citations and quotations omitted). "<u>Additionally, the plaintiff's anonymity may undermine the defendants' efforts to mitigate the alleged reputational damage stemming from these serious allegations</u>." *Combs*, 2025 WL 268515, at *4.

2025 WL 722790, at *3 (S.D.N.Y. Mar. 6, 2025) (emphasis added).

For the same reasons, Judge Vargas recently held that this asymmetry between the parties, "creates a prejudicial imbalance against Defendants"; "these accusations are serious" and "reputation threatening" and have "already garnered significant media attention"; "<u>therefore, this factor cuts against Plaintiff's motion</u>." 2025 WL 784913, at *4 (internal quotation marks and citations omitted). That is particularly so given that Plaintiff's counsel has directly courted such media attention, even if Plaintiff has not done so personally. Further, the "public interest would be furthered by requiring Plaintiff to disclose her identity," because of the public's "significant interest in open judicial proceedings and … transparency, including exposure of the parties' identities." *Alexander*, 2025 WL 784913, at *4 (internal quotation marks and citations omitted). The fact that, to date, Plaintiff has kept her own identity confidential (the seventh *Sealed Plaintiff*

---

[6] Plaintiff's confidentiality order was never proposed in lieu of Defendant opposing Plaintiff's motion to proceed anonymously. To the contrary, both the proposed order and correspondence between counsel made clear that any disclosure would remain confidential until the court ruled on Plaintiff's request to proceed using a pseudonym. *See* Declaration of Deanna Paul, ¶¶ 6, 10.

8

factor), is insufficient to alleviate these concerns, and thus "is not significant enough to tip the scales." *Id.* at *5 (internal quotation marks and citations omitted).

Finally, any interest the Plaintiff (or Defendant) has in keeping specific information confidential (including details about Plaintiff's alleged injuries and any related mental health information) can be handled through a protective order without anonymity, while duly respecting the public interest in transparency and Defendant's due process rights:

> This is not a case in which "because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," and there do exist "alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190. A protective order may "protect against disclosure of that information of the most personal and intimate nature." *Branca USA*, 2022 WL 2713543, at *4.

*Combs*, 2025 WL 722790, at *4. *Accord Alexander*, 2025 WL 784913, at *5. None of the cases from this Circuit cited in Plaintiff's papers offer contrary authority or aid Plaintiff on this motion.[7]

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's request for anonymity and order Plaintiff to conduct this litigation using her true name.

---

[7] As discussed above, *Doe v. Smith*, 105 F.2d 40 (E.D.N.Y. 1999) offered a corroborating opinion from a medical professional (in addition to lacking the media attention present here). *Trooper 1 v. N.Y. State Police*, 22-CV-893, ECF Doc. No. 37 (S.D.N.Y. June 9, 2022), involved an unopposed motion against a sitting governor and other public officials. *Doe 1 v. McAdam Fin. Grp. LLC*, 22-CV-00113, 2022 WL 3579700 (S.D.N.Y. Aug. 3, 2022), involved a motion to proceed anonymously granted upon commencement of the case; because the defendants successfully moved to transfer the case to the District of Massachusetts, the court never had occasion to rule on a contested motion. *Doe v. Townes*, 19-CV-8034, 2020 WL 2395159 (S.D.N.Y. May 12, 2020), *denied* the plaintiff's motion. *Id.* at *7 ("The Court recognizes the difficulty victims face in coming forward with their stories and seeking justice, and sympathizes with Plaintiff. However, the majority of the Sealed Plaintiff factors weigh against granting Plaintiff's Motion. For the aforementioned reasons, Plaintiff's Motion to Proceed Anonymously (ECF 30) is hereby DENIED."). Finally, *Grottano v. The City of New York*, 15-CV-9242, 2016 WL 2604803 (S.D.N.Y. Mar. 30, 2016), involved a complaint against public officials—the New York City Department of Corrections and certain corrections officers—by plaintiffs who cited concern about retaliation against them and the individuals they visited in prison if their identities were disclosed to prison officials. *Id.* at *1.

Dated: New York, New York
April 7, 2025

Respectfully submitted,

**WALDEN MACHT HARAN & WILLIAMS LLP**

By: _____
Milton L. Williams
Daniel A. Cohen
Deanna M. Paul
250 Vesey Street, 27th Floor
New York, New York 10281
Tel: (212) 335-2963
mwilliams@wmhwlaw.com
dcohen@wmhwlaw.com
dpaul@wmhwlaw.com

*Attorneys for Defendant Tal Alexander*

## APPENDIX A – CASES FILED BY PLAINTIFF'S COUNSEL ON 2/18/2025

| Case Name | Index No. | SDNY Case Number | Anonymity Motion | Plaintiff Affidavit |
|---|---|---|---|---|
| *Jane Doe 1 v. Tal Alexander* | 152604/2025* | 25-CV-2108 | 1 | 1 |
| *Jane Doe v. Oren Alexander, Alon Alexander, and Tal Alexander* | 152605/2025* | 25-CV-2113 | 2 | 2 |

*Removed to federal court.

## CERTIFICATE OF WORD COUNT COMPLIANCE

The undersigned counsel of record for Defendant Tal Alexander certifies that the foregoing brief complies with the 8,750-word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.  The foregoing brief contains 2,919 words, excluding those portions of the brief excluded from the count by Rule 7.1(c), according to the Word Count feature on Microsoft Word.

Dated:  New York, New York
        April 7, 2025

_____
Milton L. Williams