

250 Vesey Street  
27th Floor  
New York, NY 10281

wmhwlaw.com  
T: 212-335-2030  
F: 212-335-2040

April 24, 2025

**Via ECF**  
Hon. Ronnie Abrams  
United States District Judge  
Southern District of New York  
40 Foley Square, Room 2203  
New York, NY 10007

      ***Re:***    ***Jane Doe v. Tal Alexander, Case No. 25-CV-2108 (RA)***

Dear Judge Abrams:

On behalf of Defendant Tal Alexander, we write pursuant to Rule 1(a) of Your Honor's Individual Rules and Practices in Civil Cases to request (1) a stay of proceedings pending the outcome of a related, potentially dispositive appeal, or (2) alternatively, a stay of discovery pending resolution of the related appeal and of pending criminal charges against Mr. Alexander. Plaintiff opposes both requests. Mr. Alexander respectfully submits this letter in lieu of and in response to the case management plan requested by the Court. (ECF 8).

<u>Request to Stay Proceedings</u>

As to the first request, currently pending before the Court are Mr. Alexander's motion to dismiss or, in the alternative, to strike certain allegations in the Complaint (ECF 9) and Plaintiff's motion to proceed anonymously (ECF 7). The basis of the motion to dismiss is that the sole claim asserted in the Complaint, for violation of New York City's Victims of Gender Motivated Violence Protection Law ("VGMVPL"), is time-barred. Specifically, Mr. Alexander's motion argues that Plaintiff's otherwise time-barred claim is not subject to revival under the 2022 amendment to the VGMVPL adopted by New York City, because that amendment is itself preempted by the New York state legislature's adoption of a statutory scheme that both occupies the field and conflicts with the City's revival statute.

The preemption issue was previously addressed by two District Courts in this Circuit whose decisions are the subject of pending appeals before the Second Circuit in *Parker v. Tal Alexander et al.*, No. 25-487 and *Doe v. Black*, No. 25-564. The outcome of the *Parker* and *Doe* appeals will likely be dispositive of Mr. Alexander's pending motion to dismiss. Accordingly, Mr. Alexander respectfully requests that the Court stay a decision on the motion and all pending deadlines pending the outcome of the foregoing appeals.

<u>Stay of Discovery</u>

Alternatively, Mr. Alexander requests a stay of discovery and of all discovery-related filings or deadlines, on two grounds.

*First*, Mr. Alexander's pending motion to dismiss, if granted, would terminate the case. Mr. Alexander believes that the motion has a strong likelihood of success. Moreover, the potential discovery is potentially sweeping in nature, highly burdensome, and likely to involve considerable court resources as well as party resources. Based on the allegations in the Complaint, Plaintiff likely will seek discovery concerning not simply the assault alleged in the Complaint, but about Mr. Alexander's relationship with numerous other women over the course of over a decade, and equally extensive discovery regarding Mr. Alexander's two siblings. These considerations warrant a stay pending determination of the motion to dismiss. *See Lively v. Wayfarer Studios LLC*, No. 24-CV-10049, 2025 WL 698287, at *1 (S.D.N.Y. Mar. 4, 2025*)* (granting stay based on "(1) the breadth of discovery sought and the burden of responding to it; (2) the prejudice, if any, to the opposing party of an order granting a stay; and (3) the strength of the motion") (internal quotation marks and citations omitted). *Accord Catania v. NYU Langone Health System*, No. 22-CV-4362, ECF 27 (similar).

*Second*, and more significantly, on December 11, 2024, Mr. Alexander was indicted by the Southern District of New York on charges that parallel those in the Complaint, and the Complaint's factual allegations in effect rely on the conduct charged in the indictment. *See U.S. v. Alexander*, No. 25-CR-676 (VEC) (S.D.N.Y. Dec. 11, 2024). The criminal case is scheduled for trial in January 2026. Mr. Alexander is currently incarcerated, and his bail application was denied, which imposes an extraordinary burden as well as severe prejudice if he is required to participate in civil discovery proceedings while simultaneously preparing for his criminal trial. Accordingly, a stay is warranted pending the outcome of the criminal case under the legal standard commonly utilized in this Circuit, as discussed below.

Legal Standard

The Court has inherent power to "defer civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution, sometimes at the request of the defense." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) ("[A] court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions…"); *Sec. & Exch. Comm'n v. Pirello*, No. 23-CV-8953, 2024 WL 456828, at *4 (E.D.N.Y. Feb. 5, 2024) ("A district court is well within its discretion to stay [ ] civil proceedings when the interests of justice ... require such action.") (internal quotations omitted).

Courts in this jurisdiction consider several factors in determining whether it is appropriate to stay a civil case, including the following: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by a delay; (4) the private interests of and burden on the defendant; (5) the public interest; and (6) the interest of the Court in the efficient management of cases. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012). Application of the above factors warrants grant of a stay.

Application

*Overlap* (Factor #1).  The issues in this case and the criminal case substantially overlap. Mr. Alexander is accused of committing a variety of sexual offenses.  The Complaint (which is the subject of a pending motion to dismiss, as well as a motion to strike) alleges that Plaintiff is a victim of the type of conduct alleged in the criminal action and her Complaint.  Thus, if the case progresses and proceeds to discovery, Plaintiff will seek discovery from Mr. Alexander (and perhaps third parties) surrounding the very same issues as the criminal case.

*Status of Criminal Case, Balancing of Interests, Burden to Defendant* (Factors #2, #3, #4). The "criminal proceedings have substantially progressed beyond the investigatory stage" and there is "an imminent likelihood" that Mr. Alexander will be subject to a trial in the near future; these factors warrant a stay.  *Corcoran Law Group, L.L.C. v. Posner*, 2009 WL 1739702, at * 1 (S.D.N.Y. Jun. 10, 2009); *Parker v. Dawson,* 2007 WL2462677, at *4 (E.D.N.Y. Aug. 27, 2007). *See also Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.,* 886 F. Supp. 1134, 1138-39 (S.D.N.Y.1995) ("the weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment").

Because of the overlap between this case and the criminal case, if discovery proceeds, Mr. Alexander may be forced to choose between asserting his right against self-incrimination (which might permit the drawing of an adverse inference) or providing information that may affect his criminal defense and offer free discovery to the Government regarding his defense.  *See, e.g., Posner*, 2009 WL 1739702, at * 1; *Dawson,* 2007 WL2462677, at *4 ("A stay of these civil proceedings constitutes a necessary and hence appropriate safeguard of defendants' fifth amendment privilege") (cleaned up).  Plaintiff faces no corresponding burdens if discovery is stayed, particularly given the pendency of a dispositive motion and of a related appeal that may dispose of the case.

Finally, as discussed above, proceeding with civil litigation and civil discovery imposes a substantial burden on Mr. Alexander's ability to prepare his criminal defense.  These considerations further support grant of a stay.

*Public Interest and Judicial Interest* (Factors #5, #6).  This Court is likely to benefit from the criminal matter no matter its outcome.  The outcome will certainly bear on what party and third-party discovery is relevant, and the scope of issues to be adjudicated, and may also influence any potential settlement.  Thus, a stay may contribute to the efficient resolution of this action.  A stay also "would not cause serious harm to any public interest."  *Parker*, 2007 WL 246277, at *7 (internal quotation marks and citation omitted).

While we understand that a stay in a civil case is an extraordinary remedy, here, it is necessary to shield Mr. Alexander's Fifth Amendment privilege and to prevent prejudicing the criminal case, including by exposing the defense theory to the prosecution in advance of trial. Awaiting the result of the criminal trial also may provide significant benefit to the Plaintiff and this Court.

Thank you for Your Honor's time and attention to this matter.

                                                  Respectfully submitted,

                                                  */s/ Milton L. Williams*
                                                  Milton L. Williams
                                                  Daniel A. Cohen
                                                  Deanna M. Paul
                                                  *Attorneys for Defendant Tal Alexander*

Cc:  Michael DellaUniversita (by ECF)

Plaintiff shall submit a response no later than April 30, 2025.

SO ORDERED.

*/s/ Ronnie Abrams*
Hon. Ronnie Abrams
April 28, 2025