UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE 1,

            Plaintiff,

        v.

TAL ALEXANDER,

            Defendant.

No. 25-CV-2108 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff "Jane Doe 1" brings this action against Defendant Tal Alexander, asserting claims under New York's Violation of the Victims of Gender-Motivated Violence Protection Law. *See* ECF No. 1-1 ("Compl."). Before the Court is Plaintiff's motion to proceed anonymously in this action. For the reasons that follow, the motion is denied.

## BACKGROUND

The following facts are drawn from the complaint and assumed to be true for purposes of this motion. Approximately ten years ago, Plaintiff met Alexander at an exclusive party in New York City. Compl. ¶ 11. The two exchanged contact information, and several weeks later they went on a date. *Id.* ¶¶ 11–12. During the date, Plaintiff had one or two drinks and then began to experience "extreme and unusual intoxication." *Id.* ¶ 14. The next thing she remembers is waking up in Alexander's bed the following morning, undressed and experiencing vaginal pain, which led her to believe that he had raped her while she was intoxicated. *Id.* ¶ 16. Plaintiff alleges that Alexander raped her again that morning before permitting her to leave his apartment. *Id.* ¶¶ 17–19.

Alexander and his two brothers were indicted in December 2024 on federal sex trafficking charges. *Id.* ¶ 30. The indictment alleges that the brothers have "repeated[ly] and violent[ly] drugg[ed], assault[ed], and rap[ed] of dozens of women since at least in or about 2010." *Id.* The indictment and civil suits against the three brothers have generated significant media attention. *See id.* ¶¶ 22–37.

Plaintiff commenced this case on February 25, 2025 in New York County Supreme Court under the pseudonym "Jane Doe 1." Alexander removed the action to this court on March 13, 2025. ECF No. 1. On March 17, 2025, the Court ordered Plaintiff to file a motion to proceed anonymously or face dismissal. ECF No. 5. Plaintiff filed the instant motion on March 28, 2025, ECF No. 7, which Alexander opposes, ECF No. 12.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that a complaint "name all the parties." "A district court has discretion to grant an exception to the general requirement of disclosure of the names of parties to allow a party to proceed under a pseudonym." *Doe v. Alexander*, No. 25-CV-01631 (JAV), 2025 WL 784913, at *1 (S.D.N.Y. Mar. 12, 2025) ("*Alexander I*").[1] "[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam).

---

[1] Unless otherwise indicated, this memorandum opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

The Second Circuit has set forth ten non-exhaustive factors for courts to balance when ruling on a motion to proceed anonymously. These are:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously, or even more critically, to innocent non-parties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his or her age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189–90. "[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

## DISCUSSION

Although the Court appreciates how difficult it may be for a survivor of sexual assault to come forward publicly, it nonetheless concludes that the *Sealed Plaintiff* factors weigh against allowing Plaintiff to proceed anonymously.

### I.     Factor One: Matters of a Highly Sensitive and Personal Nature

The first factor requires consideration of whether the litigation involves matters of a highly sensitive and personal nature. This case involves allegations of sexual assault, which are undoubtedly sensitive and of a personal nature. *See Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021). However, as several courts in this district have recently held, "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Doe v. Alexander*, No. 25-CV-2107 (LJL), 2025 WL 1126617, at *2 (S.D.N.Y. Apr. 16, 2025) ("*Alexander II*"); *see also, e.g., Doe v. Combs*, No. 24-CV-8852 (JPC), 2025 WL 950685, at *2 (S.D.N.Y. Mar. 28, 2025) ("*Combs I*"); *Alexander I*, 2025 WL 784913, at *2; *Doe 1 v. Branca USA, Inc.*, No. 22-CV-3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020). "Were it otherwise, virtually all claims of adult sexual assaults would *ipso facto* proceed anonymously." *Branca*, 2022 WL 2713543, at *2. Thus, although this factor weighs in Plaintiff's favor, it is not dispositive.

## II.     Factors Two and Three: Risk of Physical Retaliation or Mental Harm and Likelihood and Severity of the Harm

The second and third factors consider the potential harm to the plaintiff from disclosure of her identity. Specifically, they examine "whether disclosure of the plaintiff's name in the course of the lawsuit would uniquely cause harm and how grave the resultant harm would prove to be." *Alexander I*, 2025 WL 784913, at *3. A plaintiff must therefore "establish with sufficient specificity the incremental injury that would result from disclosure of her identity." *Id.*

Here, Plaintiff provides no evidence of any existing or potential threats or intimidation that she would experience should her identity be revealed. Instead, she avers that revealing her identity would cause her emotional harm and embarrassment. *See* ECF No. 7-3. "But in this context, public humiliation is not enough." *Combs I*, 2025 WL 950685, at *3. Instead, a plaintiff claiming potential harm to her mental health must provide "corroboration from medical professionals that detail the risk to plaintiff." *Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 WL 863705, at *3 (S.D.N.Y. Feb. 29, 2024) ("*Combs II*") (collecting cases). That corroborating evidence "must detail how revealing plaintiff's name in particular, as opposed to the trauma that could occur through reliving the experience through litigation, would cause harm." *Id.* (collecting cases). Plaintiff has not provided any such evidence, and thus the Court cannot "speculate about the nature and severity of any mental injury from disclosure." *Weinstein*, 484 F. Supp. 3d at 95. Accordingly, factors two and three weigh against granting Plaintiff's motion.

## III.    Factor Four: Vulnerability and Age of Plaintiff

The fourth *Sealed Plaintiff* factor considers "whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of [her] age." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff is an adult and does not claim that she was a minor at the time of the alleged assault. *See Doe v. Combs*, No. 24-CV-7777 (LJL), 2025 WL 722790, at 3 (S.D.N.Y. Mar. 6,

2025) ("*Combs III*") ("Courts have been readier to protect the privacy interests of minors in legal proceedings than of adults."). This factor therefore weighs against granting Plaintiff's motion. *See Alexander II*, 2025 WL 1126617, at *3, *Combs I*, 2025 WL 950685, at *4; *Alexander I*, 2025 WL 784913, at *3.

### IV.    Factor Five: Government or Private Action

The Court must also consider "whether the suit . . . challeng[es] the actions of the government or that of private parties." *Sealed Plaintiff*, 537 F.3d at 190. A plaintiff's interest in proceeding anonymously is stronger where "a lawsuit challenges governmental actions, actors, or policies." *Doe v. Solera Cap. LLC*, No. 18-cv-1769, 2019 WL 1437520, at *6 (S.D.N.Y. Mar. 31, 2019). Defendant is a private individual, and thus this factor weighs against granting Plaintiff's motion.

### V.    Factor Six: Prejudice to Defendant

Factor six examines "whether the defendant is prejudiced by allowing the plaintiff to press h[er] claims anonymously." *Sealed Plaintiff*, 537 F.3d at 190. "In assessing whether such prejudice exists, courts examine the reputational damage to defendants, difficulties in conducting discovery, and fundamental fairness of proceeding anonymously." *Combs I*, 2025 WL 950685, at *5.

Plaintiff contends that Alexander would not be prejudiced by an anonymous proceeding because she is willing to share her identity with defense counsel, so long as it remains concealed from public view. Although Plaintiff's proposal would mitigate some of the prejudice to Alexander, it is insufficient to tilt this factor in her favor because, even where the defendant knows the plaintiff's identity, "concealment of plaintiff's identity from the public can still hamper defendants' ability to conduct discovery." *Doe v. Freydin*, No. 21-CV-8371, 2021 WL 4991731,

at *3 (S.D.N.Y. Oct. 27, 2021). For example, "persons with information about Plaintiff or her allegations that would be helpful to the defense but were unknown to the defendant might not come forward." *Alexander I*, 2025 WL 784913, at *3. "This is especially true in a case like this that happened over ten years ago[,] where evidence and witnesses may be difficult to find." *Id.*

Moreover, Plaintiff "has made serious charges and has put her credibility in issue" by bringing this action. *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996). "Fairness requires that she be prepared to stand behind her charges publicly." *Id.*

Accordingly, this factor weighs against granting Plaintiff's motion.

## VI. Factor Seven: Status of Confidentiality in the Proceedings

The Court next considers whether Plaintiff's identity has been kept confidential. Plaintiff has maintained the confidentiality of her identity to date and has never spoken publicly about her experience with Alexander. Mot. at 14. This factor therefore weighs in her favor, but it "is not significant enough to tip the scales." *Freydin*, 2021 WL 4991731, at *3.

## VII. Factors Eight and Nine: The Public Interest

The eighth factor considers "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose h[er] identity." *Sealed Plaintiff*, 537 F.3d at 190. "Courts have put weight on the right of the public to know the identity of the litigants as well as on the interest of the accused to be able publicly to confront the accuser." *Branca*, 2022 WL 2713543, at *2. Courts therefore require "something more . . . to rebut the presumption of public access, at least in cases involving adult sexual assault, and that something more frequently has to be evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's name." *Id.* As discussed, Plaintiff has not provided evidence of such harm. Instead, she submits that she may not proceed in this litigation if required to disclose her

identity, and she contends that a denial of her motion would discourage other survivors of sexual assault from coming forward. However, the "generalized interest in encouraging sexual assault victims to come forward has been repeatedly rejected by courts in this District as an adequate basis by itself to warrant anonymity," *Alexander I*, 2025 WL 784913, at *4, and thus that argument does not affect the Court's analysis.

Nor does the ninth factor apply in this case. That factor asks "whether, because of the purely legal nature of the issues presented . . ., there is an atypically weak public interest in knowing the litigants' identities." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff's "claims are factual in nature, which weighs against anonymity." *Combs I*, 2025 WL 950685, at *5. Accordingly, these factors weigh against granting Plaintiff's motion.

### VIII. Factor Ten: Alternative Protections

Finally, the tenth factor considers "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190. "Plaintiff can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information or a protective order." *Combs I*, 2025 WL 950685, at *6; *see also Alexander I*, 2025 WL 784913, at *5 (same). Accordingly, this factor weighs against Plaintiff.

### CONCLUSION

In sum, factors one and seven weigh in favor of Plaintiff, while the remaining factors weigh against granting the motion to proceed anonymously. She has not "sufficiently demonstrated that her interest in anonymity outweighs the prejudice to Defendant[] and the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Alexander I*, 2025 WL 784913, at *5.

For the foregoing reasons, Plaintiff's motion to proceed anonymously is denied. Within seven days of this order, Plaintiff shall file an amended complaint with her true name. Failure to do so will result in dismissal of this action without prejudice.

SO ORDERED.

Dated:     April 28, 2025
           New York, New York

                                            Ronnie Abrams
                                            United States District Judge